## Commonwealth v. Saitz, Appellant.

Argued May 15, 1939. Before KEPHART, C. J., SCHAF-FER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

Lemuel B. Schofield, for appellant.

Edward Shippen Morris, with him E. Russell Shockley, Deputy Attorneys General, Claude T. Reno, Attorney General and John A. M. McCarthy, for appellee.

OPINION BY MR. JUSTICE BARNES, June 19, 1939.

The question is whether a person who permits a device known as a "bagatelle" or "pin ball" machine to be played or operated in his place of business for the purpose of profit, is subject to the payment of the mercantile license tax prescribed by the Act of May 25, 1907, P. L. 244 (72 PS 2931).

The Act provides in Section 1 as follows: "That no person, firm, limited partnership, or corporation shall keep, for purpose of profit, any shooting-gallery, shuffleboard-room, billiard or pool-room, bowling-alley, nine or tenpin alley, or any alley or place on or in which any game is played with the use of balls and pins, or other objects, in this Commonwealth, without first taking out a license from the treasurer of the proper county. . . ."

This case depends upon the construction to be given that provision of the Act which reads: *"or any alley*

or place on or in which any game is played with the use of balls and pins, or other objects . . ." In other words, does the Act of 1907 apply to the game played by the use of the bagatelle machine?

In *Com. v. Klucher*, 326 Pa. 587, we decided that the proprietor of a store maintaining a "pin ball game" is required to obtain a license and pay the fee prescribed by the statute. The device which was there involved is described as follows, (p. 588) : "In the board are about 20 holes variously placed, and around or in proximity to each hole upright pins or nails are fastened. Each hole represents a particular score that may be obtained when the balls enter the hole. The game is played by projecting small balls on to the board by means of a plunger, and the object is to have the balls enter the holes which will secure the highest score. The score made by the player is the total of the scores of the holes which the balls enter."

In the present case the device is similar to the one described in the Klucher case, except that there is embodied in the bagatelle machine the latest improvement, so that the balls as they roll down an inclined board are deflected from their normal path of gravity by photo-electric "eyes," which break the course of their fall with the same result as pins or pegs would do.

The defendant is the proprietor of a cigar store at No. 133 South 10th Street, Philadelphia, where cigars, cigarettes, newspapers, periodicals and kindred merchandise are sold. The machine is installed in these premises under a lease to defendant, and is played for amusement only, as no money is returned to the players. The Board of Mercantile Appraisers of Philadelphia County sustained the assessment of a tax under the Act in question, for the year 1937, in the sum of $21.63, whereupon the defendant appealed to the court below. The appeal was dismissed upon the authority of *Com. v. Klucher*, supra, and from the order accordingly entered the appeal to this court was taken.

The contention of defendant that the game played by the use of the present machine is not included among those made taxable under the Act of 1907, because no pins are employed, the balls being interrupted in their normal course on the board by electricity, cannot be sustained, because of our decision in the Klucher case that the provision of the Act here in question should not be confined within too narrow limits. We said there, speaking by Mr. Justice MAXEY, (p. 590) : "Even if pins and balls were not used in the device, we think the words 'other objects' as used in the Act should not be given a narrow interpretation in deference to the 'ejusdem generis' rule. This rule is but one of construction, and does not warrant a court in confining the operation of a statute within narrower limits than intended by the legislature." Again, (p. 592) : "We think that the legislature in using the words 'or other objects' in the Act of May 29, 1907 (supra) deliberately selected a word which would give the taxing statute a wide application."

The construction urged by defendant, in view of the progressive and varying designs of these devices and the ingenuity of their makers, would result in such a refinement of distinction between the types or patterns of machines in use, as to cause confusion in the application of the statute. We are of opinion that the language of the Act includes within its scope machines of the character here in question when kept for the purpose of profit, and that the present case is ruled by our decision in *Com. v. Klucher*, supra.

An extended consideration was given there to the question whether the rule of ejusdem generis was to be applied to the words of the statute before us, and the conclusion reached that the rule was without application makes further discussion of that question unnecessary.

The order of the court below dismissing the appeal is affirmed. Costs to be paid by appellant.